IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR GOLSON, on behalf of himself and similarly situated employees, Plaintiff, | : | CIVIL ACTION |
| v. | : | FILED ELECTRONICALLY ON NOVEMBER 24, 2026 |
| CARE NEST HOME CARE AGENCY, LLC, Defendant. | : | CLASS/COLLECTIVE ACTION |

**COMPLAINT - CLASS/COLLECTIVE ACTION**

Jamar Golson ("Plaintiff") brings this lawsuit against Care Nest Home Care Agency, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

**JURISDICTION AND VENUE**

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

**PARTIES**

4. Plaintiff resides in Chester, PA (Delaware County).

5. Defendant is a corporate entity maintaining a principal address at 5601 ½ Chew

Avenue, Philadelphia, PA 19138 (Philadelphia County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

**FACTS**

8. Defendant owns and operates a business that provides "home care services" to clients in Pennsylvania. *See generally* https://carenesthomecareagency.com/services/ (last viewed 11/24/26).

9. Defendant employs workers who are paid an hourly wage to provide home care services to Defendant's clients. Defendant's website refers to these individuals as "caregivers." *See* https://carenesthomecareagency.com/care-nest-caregiver/ (last viewed 11/24/26). We will use the same terminology

10. Plaintiff worked for Defendant as a caregiver from around September 2024 until around October 2026.

11. Plaintiff, like other caregivers, often worked over 40 hours per week.

12. Plaintiff, like other caregivers, was paid an hourly wage for his work. Specifically, Defendant generally paid Plaintiff an hourly wage of either $16.00 or $18.00.

13. Defendant failed to pay caregivers overtime premium wages calculated at 150% of their regular hourly wage for hours worked over 40 per week. For example, during the week ending February 7, 2026, Defendant credited Plaintiff with working 96.42 hours. However, Defendant merely paid Plaintiff an hourly wage of (i) $18.00 for 40 hours and (ii) $16.00 for 56.42 hours.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings his FLSA claim as a collective action per 29 U.S.C. § 216(b) and brings his PMWA claim as a class action per Federal Rule of Civil Procedure 23. He sues on behalf of all individuals who, during at least one week since November 24, 2023, have been employed by Defendant, paid an hourly wage, and credited with working over 40 hours.

15. Plaintiff's FLSA claim should proceed as a collective action because he and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

16. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

17. The class is readily ascertainable based on Defendant's business records and is so numerous that joinder of all class members is impracticable.

18. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

19. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

20. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

21. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3)

because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I – FLSA**

22. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

23. In failing to pay Plaintiff and other collective members overtime premium wages for hours worked over 40 per week, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

**COUNT II – PMWA**

24. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

25. Defendant has violated the PMWA by failing to pay Plaintiff and other class members overtime premium wages for hours worked over 40 per week.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date: November 24, 2026

Respectfully,

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

Vinesign Document ID: 0FBF4A33-9F90-4327-9CB4-82773C9D9BA1


**<u>CONSENT TO BECOME PARTY PLAINTIFF</u>**

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act (“FLSA”), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

11/24/2026 Jamar Golson

Date Signature – Jamar Golson

The signed document can be validated at https://app.vinesign.com/Verify